## DAVID HUTCHES ET AL.
### v.
## MILLIE W. ADAMS.

·1. PLEADING.—A plea which seeks to divest a plaintiff of her legal title to lands, by setting up a judicial conveyance to another, is defective if it fails to show a decree against the plaintiff authorizing such conveyance.

2. DECREE SHOULD BE PLEADED.—In all cases of judicial conveyances, it is necessary, in order to show a valid title, to show a valid decree and deed. The decretal order should be pleaded in order to show that the plaintiff was a party to and bound by it, and that the order did in fact authorize the conveyance of the plaintiff's right in the land.

APPEAL from the Circuit Court of Cass county; the Hon. A. G. BURR, Judge, presiding.

Messrs. WARLOW & LEEPER, for appellants; that the rent passes to the grantee as an incident of the reversion, and the consideration of the note had failed, cited Crosby v. Loop, 13 Ill. 625; Dixon v. Niccolls, 39 Ill. 372.

Mr. RICHARD W. MILLS, for appellee.

PER CURIAM. A petition for re-hearing is presented in this case, urging that the court below erred in sustaining a demurrer to appellant's second plea.

The plea avers that Hutches, one of the defendants below, leased certain real estate therein described from the plaintiff below, Millie W. Adams, for one year, beginning on the 1st day of March, 1877, and ending on the 1st day of March, 1878; and that in March, 1877, Richard W. Mills, Master in Chancery, etc., under and by virtue of a decretal order of the Circuit Court of said county, as such Master executed and delivered to Orvin Kendall a deed conveying to him all the right, title and interest of the plaintiff to the lands aforesaid, being the same lands described in the lease, and that the purchaser, Kendall, entered into and became possessed of the lands aforesaid prior to the 1st day of March, 1878. That the note sued on was given for said rent, and that the consideration had failed, etc.

This plea is fatally defective. It seeks to divest the landlord of her title by a judicial conveyance, without showing a decree against her authorizing the same.

In all cases of judicial conveyances it is necessary in order to show a valid title, to show a valid decree and deed. The averment is that the Master conveyed all her right, title and interest by virtue of a decretal order. The order should have been pleaded to show that plaintiff was a party to it and bound by it, and that it did in fact authorize the conveyance of her right to the land. Every intendment is taken most strongly against the pleader.

The averment that the Master conveyed the title is not sufficient without showing his authority, and the averment that he had a decretal order without showing what it authorized him to do, or who were parties to it, is wholly insufficient.

The demurrer was properly sustained, and a re-hearing is denied.